

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-52,526-02

### EX PARTE PAUL HOUSTON CAMERON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1995CR5164-W2 IN THE 379TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam*. HERVEY and RICHARDSON, JJ., not participating.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life imprisonment. The Fourth Court of Appeals affirmed his conviction. *Cameron v. State*, 988 S.W.2d 835 (Tex. App.—San Antonio 1999).

Applicant has filed a motion to remand his application to the trial court and a motion for leave to file a second amended application. His motions are granted. Nothing in Article 11.07 of the Code of Criminal Procedure precludes an applicant from filing an amended application in the trial court while his application is pending before this Court. *See Ex parte Saenz*, 491 S.W.3d 819, 824

(Tex. Crim. App. 2016) ("In general, when an applicant files amended or supplemental pleadings raising additional claims before we have disposed of his pending application, we consider the merits of his claims, so long as the pleadings comply with the rules and procedures in Article 11.07 and Rule of Appellate Procedure 73.1, and so long as the claims are otherwise cognizable and ripe for review."). An amended application must, however, be filed in the county of conviction, not in this Court. *See* TEX. CODE CRIM. PROC. art. 11.07, § 3(b) ("An application for writ of habeas corpus filed after final conviction in a felony case, other than a case in which the death penalty is imposed, must be filed with the clerk of the court in which the conviction being challenged was obtained. . . .").

If Applicant files an amended application, he shall file it in the county of conviction within fifteen days of the date of this order, and the trial court shall make further findings of fact and conclusions of law in response to his amended application. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

If Applicant files an amended application within fifteen days of the date of this order, the trial court shall make further findings of fact and conclusions of law. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's amended application.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: March 28, 2018
Do not publish